UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA

          -v.-                                                           ORDER

DERRICK JOHNSON,                                      No. 19-CR-878 (CS)

                   Defendant.
------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Derrick Johnson's Motion for Reduced Sentence Pursuant to the First Step Act and Amendment 782, (ECF Nos. 11-12), and the Government's opposition thereto, (ECF No. 17). Familiarity with prior proceedings in this case, and with Defendant's convictions in the Western District of Virginia and the District of New Jersey, is assumed. In short, Defendant was sentenced in Virginia to 360 months' imprisonment and 10 years' supervised release on January 17,1996, but was released on December 1, 2016 after a grant of presidential clemency. His supervised release was transferred to this Court on November 29, 2019. In May 2021 he was convicted in New Jersey of conspiracy to distribute cocaine, and was sentenced to 120 months' imprisonment and 8 years' supervised release. On September 27, 2021, Defendant admitted to violating the conditions of his supervised release on the Virginia case, and on November 18, 2021 I revoked that term of supervised release and sentenced Defendant to nine (9) months' imprisonment, to run consecutively to the New Jersey sentence.

      To the extent Defendant is seeking a reduction of the Virginia prison sentence or term of supervised release under the First Step Act, that application is denied. Section 404 of the First Step Act makes retroactive sections 2 and 3 of the Fair Sentencing Act, which reduced the disparity between the amounts of crack and cocaine necessary to trigger mandatory minimum

sentences and enhanced penalty ranges under 21 U.S.C. § 821. *See United States v. Moore*, 975 F.3d 84, 87 (2d Cir. 2020). I cannot now reduce the Virginia prison term or supervised release term, because the former has been served and the latter has been revoked. *See United States v. Martin*, 974 F.3d 124, 140 (2d Cir. 2020). It was not clear to me at the time I sentenced Defendant for his violation of supervised release ("VOSR") that I could reduce his then-pending term of supervised release under the First Step Act, but even if it had been, I would not have done so. I would not have found a reduction in a term of supervised release appropriate for a defendant who had already violated his supervised release by committing new crimes. Moreover, a reduction of Defendant's Virginia supervised release term to the mandatory minimum three years would not have made a difference, because Defendant violated within the three years. Finally, even if I could have eliminated the supervised release term altogether – which I could not – I would not have, essentially for the reasons (discussed below) that I found, and find, the nine-month sentence to be appropriate.

To extent Defendant is seeking a reduction of the Virginia prison sentence or term of supervised release under Sentencing Guidelines Amendment 782, that application is denied because that Amendment only applies to pending sentences, per U.S.S.G. § 1B1.10(b)(2)(C), and does not authorize a reduction of a prison term imposed on a VOSR, per U.S.S.G. § 1B1.10. comment. (n. 7(A)); *see* 18 U.S.C. § 3582(c)(2).

To the extent Defendant is seeking reduction of the 9-month sentence imposed on the VOSR, it appears he may be eligible for, though not necessarily entitled to, such a reduction. *See United States v. Campbell*, 502 F. Supp. 3d 752, 756 (W.D.N.Y. 2020), *aff'd*, No. 20-4112, 2021 WL 6140303 (2d Cir. Dec. 29, 2021). In this case I decline to reduce the sentence. I already

considered, at the time I imposed the 9-month sentence, the fact that Defendant had served on the underlying Virginia conviction substantially more time than he would have served had he committed that offense after the crack-cocaine disparity was reduced with passage of the Fair Sentencing Act and the First Step Act. (Nov. 18, 2021 transcript ("Tr.") at 8-9, 14-15.)[1]  The argument that he had served excess time on the underlying case is one of the reasons I gave him a sentence well below the advisory Guidelines range of 37-46 months and well below the Probation Office's recommendation of 24 months. *See id.* at 11, 14-15.  But I thought, and still think, that some additional imprisonment was necessary because of the breach of the Court's trust, the seriousness of the violation offense (which involved $100,000, four kilograms of cocaine, and a gun in a trap in Defendant's car), Defendant's history and characteristics (including that the New Jersey offense was his fifth drug conviction), the need for general deterrence (to send the message that misconduct while on supervised release is more serious than misconduct while not on supervised release) and the need to protect the public from further crimes on the part of someone who went back to serious crime after an extremely long sentence and an extremely rare act of leniency.  (*See id.* at 11-17.)

It is unfortunate that Defendant served longer on the Virginia conviction that he would have had he committed the same offense today, but as I indicated at sentencing, (*id.* at 14-15), that does not give him a bank of extra prison time he can trade in against future supervised release violations.  *See United States v. Reeves*, No. 0-CR-70045, 2019 WL 6792778, at *4 (W.D. Va. Dec. 12, 2019) ("[P]ublic policy considerations, including the need to protect the

---

[1] I also recognize that if he were sentenced for that offense today there are, as Defendant argues, other issues he could raise that might have reduced his sentence substantially more.

public and the need for deterrence, counsel against allowing this Defendant or other defendants to 'bank'time on an original sentence and seek to use that time as a basis for reduced incarceration on a revocation sentence."); *id.* at *5 ("Allowing Defendant to bank time and shorten or avoid a revocation sentence under these circumstances would also undermine Congress's mandate in enacting § 3583(g)(1)," and (g)(2), which require revocation for drug or gun possession).

    I have considered all of the applicable factors, *see* § 3583(e), "including the disparity in sentencing as noted by [Defendant] and the remedial purposes of the Fair Sentencing Act and First Step Act." *Campbell*, 502 F. Supp. 3d at 760; *see United States v. Ruffin*, No. 16-CR-729, 2020 WL 2519949, at *3 (S.D.N.Y. Apr. 9, 2020) ("The Court is sympathetic to [Defendant's] argument that if he were sentenced today, the Guidelines range for the [Virginia] matter would likely be half of what it was in 199[6]. But the Court cannot ignore the seriousness of the instant offense."). In the circumstances here, considering that disparity, as well as Defendant's, history and characteristics; the nature and circumstances of the violation conduct; the need to afford adequate deterrence; and the need to protect the public from further crimes, the nine-month sentence is in my judgment the lowest that would serve the relevant purposes of sentencing.[2]

---

[2] For the same reasons that I decline to reduce the sentence, I would deny a motion under 18 U.S.C. § 3582(c)(1)(A).

Accordingly, the application is denied. The Clerk of Court is respectfully directed to terminate ECF Nos. 11 and 12, and to send a copy of this Order to Derrick Johnson, No. 05008-084, USP Lewisburg, U.S. Penitentiary, P.O. Box 1000, Lewisburg, PA  17837.

SO ORDERED.

Dated: July 14, 2023
      White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.